IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH L. HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:04-CV-2629-M |
| v. | § | |
| | § | |
| DAVID McDAVID HONDA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Amended Motion to Dismiss, filed February 9, 2005. On March 8, 2005, this Court referred the Motion to United States Magistrate Judge Paul D. Stickney. Judge Stickney filed his Findings, Conclusions, and Recommendation on July 12, 2005; Defendant filed its Objections on July 28, 2005. Considering the Motion, briefs, Recommendation, and Objections, the Court **REJECTS** the Recommendation and **GRANTS** Defendant's Amended Motion to Dismiss.

In this employment discrimination suit, Plaintiff alleges that Defendant violated the Texas Commission on Human Rights Act ("TCHRA"). *See* Tex. Lab. Code § 21.001 *et seq*. Plaintiff specifically alleges that Defendant engaged in racial and age-based discrimination in connection with his July 2003 application for employment. According to Plaintiff, Defendant interviewed Plaintiff on July 7, 2003. Defendant did not hire Plaintiff. On December 27, 2003, Plaintiff mailed an "intake questionnaire" to the Texas Commission on Human Rights. In this questionnaire, Plaintiff alleged racial and age-based discrimination in connection with Defendant's July 2003 decision not to hire him. In addition, the questionnaire references alleged discrimination in telephone communication between Defendant and Plaintiff on September 1,

2003.[1] Plaintiff's Charge of Discrimination ("Charge"), dated May 5, 2004, alleged different facts. Under "date discrimination took place," Plaintiff alleged that the earliest (and latest) date that discrimination took place was September 1, 2003. In addition, under the "particulars" section, Plaintiff alleged that he was denied a position "[o]n/about September 1, 2003."

Defendant argues that Plaintiff has not exhausted his administrative remedies. Under Texas law, courts can only consider TCHRA claims if the plaintiff has exhausted his administrative remedies. *See Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991). A plaintiff may raise only the specific issue made in the employee's charge and "any kind of discrimination like or related to the charge's allegations." *Elgaghil v. Tarrant Cty. Junior Coll.*, 45 S.W.3d 133, 141 (Tex. App.–Ft. Worth 2000, pet. denied) (quoting *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993)). In this lawsuit, Plaintiff alleges only discrimination in connection with Defendant's July 2003 actions. Defendant argues that because the Charge does not allege discrimination in connection with any activities in July 2003, it does not exhaust Plaintiff's administrative remedies for those actions. Defendant also urges that because Plaintiff's Charge is dated May 5, 2004, 303 days after his job interview on July 7, 2003, the Charge is untimely under section 21.202(a) of the Texas Labor Code, even if its content is deemed to cover Plaintiff's instant claims.

Plaintiff relies heavily on the December 2003 questionnaire to rebut Defendant's arguments. Plaintiff first states that because the questionnaire was received by the State on December 30, 2003, 175 days after his interview with Defendant on July 7, 2003, the statutory mandate is satisfied. *See* Tex. Lab. Code § 21.202(a) (stating that TCHRA complaints must be filed no later than the 180th day after the date the alleged discriminatory employment practice

---

[1] In the questionnaire, under "date of last incident of discrimination," Plaintiff wrote that he "applied by phone" to Defendant on September 1, 2003.

occurred).² Second, Plaintiff notes that the questionnaire refers to Defendant's alleged discriminatory activities in both July 2003 and September 2003. Based on the questionnaire, Plaintiff argues that he has exhausted administrative remedies prior to filing suit.

The Court first considers the legal effect of the Charge, without considering the effect of the questionnaire. The Court finds that the Charge, alone, does not exhaust Plaintiff's administrative remedies as to the claim which is the subject of this suit. The failure to assert a claim of discrimination in a charge precludes the claim from being brought in a later suit. *Thomas v. Tex. Dept. of Criminal Justice*, 220 F.3d 389, 395 (5th Cir. 2000) ("The scope of a Title VII complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.") As the Recommendation notes, however, any kind of discrimination "like or related to the charge's allegations" may be properly considered by the Court. *Elgaghil*, 45 S.W.3d at 141. The Charge only alleges discrimination in connection with activities that occurred on or about September 1, 2003. Defendant argues that because Plaintiff failed to file a charge alleging discrimination in connection with any July 2003 activities, he has not exhausted the requisite administrative process.

In specific instances, to further the underlying policies of Title VII, the federal statute analogous to the TCHRA, courts have not limited judicial relief to the technical language used by an "unlettered or unsophisticated employee" in filing a grievance to the EEOC. *See Fellows v. Universal Rests.*, 701 F.2d 447, 450 (5th Cir. 1983). In *Fellows*, the court found jurisdiction over a class action even though the EEOC charge only alleged individual discrimination. *Id.* at 451. In *Elgaghil*, the court found jurisdiction over a retaliation claim although the charge only

---

²Plaintiff argues that he has 300 days to file a grievance, not 180. *See Allison v. City of Fort Worth*, 60 F. Supp. 2d 589, 597 (recognizing that, in certain circumstances, a 300-day filing requirement may apply to claims under the TCHRA). In light of the determination here, the Court does not determine which filing requirement applies to this case.

alleged discrimination. 45 S.W.3d at 142 (citing *Gupta v. E. Tex. State Univ.*, 654 F.2d 411 (5th Cir. 1981)). Those variances between the charge and the claims could be attributed to misunderstandings of the law. Factual discrepancies have been treated differently. For example, in *Fine*, which is factually similar to this case, the plaintiff attempted to use an EEOC charge that alleged discrimination in connection with events in February 1990, and earlier, in an attempt to establish jurisdiction over events that occurred in October and November 1990. 995 F.2d at 577-78. The court did not find jurisdiction over the October and November events, concluding that "the absence of counsel has no bearing on the complainant's ability to recall and state facts." *Id.* Here, there is no reason Plaintiff could not have referenced the July 2003 events in the Charge, especially when he had included them in the intake questionnaire. This Court will not construe the Charge to include omitted facts. *Cf. Price v. Southwestern Bell Tel. Co.*, 687 F.2d 74, 78 (5th Cir. 1982) ([T]he crucial element of a charge of discrimination is the factual statement contained therein.") (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970)). Because the issues in this lawsuit are divorced in time from the allegations in the Charge, the July 2003 claims do not reasonably grow out of the Charge and are not like or related to the Charge's allegations. As a result, the Plaintiff has not exhausted the administrative remedies for his present claims.

  The Court declines to grant Plaintiff additional leeway merely because he is a *pro se* litigant. Plaintiff is quite experienced with the judicial process. He has filed more than a dozen other cases in state or federal court. At least four of those cases allege discrimination based on a failure to hire. Although "courts must remain flexible when reviewing failures of persons unfamiliar with administrative complexities to comply with procedural rules," *Price v. Southwestern Bell Tel. Co.*, 687 F.2d 74, 77 (5th Cir. 1982) (citations omitted), such a liberal approach should not be taken when the omission is factual and the litigant has extensive practical

experience with the legal process.

Even if the Charge is not construed to confer jurisdiction over his claims based on Defendant's July 2003 actions, Plaintiff urges that his questionnaire, combined with the Charge, confers jurisdiction. The Court disagrees. One purpose of the exhaustion requirement is to ensure that employers have notice of claims of discrimination so that they can take appropriate conciliatory measures. *See Brown v. Dr. Pepper/Seven Up Inc.*, 2000 U.S. Dist. LEXIS 4696 at *30-31 (N.D. Tex. Apr. 11, 2000) (citing *Terrell v. U.S. Pipe and Foundry Co.*, 644 F.2d 1112, 1122 (5th Cir. 1981), *vacated on other grounds*, 456 U.S. 955 (1982)). Plaintiff has provided no evidence that Defendant had access to the questionnaire or otherwise received notice that Plaintiff was pursuing a discrimination claim based on activities that occurred in July 2003. Defendant has produced evidence that it received no such notice. In light of that, the questionnaire does not substitute for a proper charge. *See McCray v. DPC Indus.*, 942 F. Supp. 288, 295 (E.D. Tex. 1996) ("Intake questionnaires and EEOC discrimination charges are two different things.") (citing *Early v. Bankers Life and Casualty Co.*, 959 F.2d 75, 79 (7th Cir. 1992); *Park v. Howard Univ.*, 71 F.3d 904 (D.C. Cir. 1995)).

Because Plaintiff's claims were not administratively exhausted, the Court lacks jurisdiction to consider them. The time for Plaintiff to file suit, even if he were now to file a Charge over the July 2003 incident, has expired. *See* Tex. Lab. Code § 21.202(a). Therefore, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** Plaintiff's suit with prejudice**.**

**SO ORDERED.**

September 30, 2005.

_____
JUDGE BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS